```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

VICTOR DENNIS                         *       CIVIL ACTION
                                      *
VERSUS                                *       NO. 10-876
                                      *
CALM C'S INC., ET AL.                 *       SECTION "B"(1)
```

### ORDER AND REASONS

For the following reasons, **IT IS ORDERED** that the Defendants' Motion for Summary Judgment (Rec. Doc. No. 67) is **DENIED**.

There exist genuine issues of material fact making summary judgment improper on Plaintiff's lost wages claim. Plaintiff's Maritime Marine Licence has not been revoked, nor has Plaintiff been charged with use of a dangerous drug by the Coast Guard. At the time of the accident, Plaintiff's license had not been revoked. Material factual disputes remain on whether or not Plaintiff was under the influence of drugs or other substances at the time of the sued upon accident and, if so, the extent to which such usage caused or contributed to his injuries.

Evidence that Plaintiff lied on his application when asked about previous drug convictions does not *per se* bar recovery. Under limited circumstances, an injured plaintiff may still be able to sue his employer for negligence under the Jones Act despite lying on an employment questionnaire. *Brown v. Parker Drilling*

*Offshore Corp.,* 410 F.3d 166, 178-179 (5th Cir. 2005).[1] Plaintiff's misrepresentations on his employment application certainly damages his credibility. However, summary disposition of his claims are not warranted at this stage of the proceedings.

New Orleans, Louisiana, this 3RD day of August, 2011.

_____
UNITED STATES DISTRICT JUDGE

---

[1] *See Still v. Norkfolk Western Railway Co.,* 358 U.S. 35, 44-46 (1961) (holding that "employees who become such through other kinds of fraud, although possibly subject to termination through rescission of the contract of employment, must be recognized for purposes of suites under" the FELA, and thus the Jones Act). *See also Reed v. Iowa Marine & Repair Corp.,* 143 F.R.D. 648, 651 (E.D. La. 1992)(holding that "the Supreme Court has effectively foreclosed any argument that misrepresentations in an application for employment might void the necessary employment relation").