```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

VICTOR DENNIS                      *      CIVIL ACTION
                                   *
VERSUS                             *      NO. 10-876
                                   *
CALM C'S INC., ET AL.              *      SECTION "B"(1)
```

                            ORDER and REASONS

Before the Court is DefendantS Weeks Marine, Inc. and Calm C's, Inc.'s ("Defendants") and Plaintiff Victor Dennis' ("Plaintiff") Motion for Reconsideration (Rec. Doc. No. 166) and Motion for Reconsideration of the Granting of the Motion for Summary Judgment of Contango Oil and Gas Company ("Contango")(Rec. Doc. No. 161). In response, Contango filed opposition thereto. (Rec. Doc. Nos. 172 and 173). Accordingly, and for the reasons pronounced below, **IT IS ORDERED** that Defendants' and Plaintiff's Motions for Reconsideration (Rec. Doc. Nos. 166 & 161) are **DENIED**.

Cause of Action and Facts of the Case:

The facts of this case are well known to the Court. As such, this analysis will adopt and incorporate by reference the cause of action and facts of the case as noted in this Court's July 28, 2011 Order and Reasons (Rec. Doc. No. 143, at 1-2).

                              Law and Analysis

Motion for Reconsideration:

It is well recognized that reconsideration is an "extraordinary remedy which should be used sparingly." *A.M.C. Liftboats, Inc. Apache Corp.*, 2008 WL 1988807, at 1 (E.D.La. 2008) (quotation marks omitted). Federal Rule of Civil Procedure Rule 59(e) is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Templet v. HydrocChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). There are four grounds upon which a motion to reconsider can be granted: "(1) to correct manifest errors of law or fact upon which judgment is based; (2) the availability of new evidence; (3) the need to prevent manifest injustice; or (4) an intervening change in controlling law." *Peterson v. Cigna Group Ins.*, 2002 WL 1268404, at 2 (E.D.La June 5, 2002).

Furthermore, the Fifth Circuit has held that a court may only grant a motion for reconsideration on the basis of newly acquired evidence if "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003).

The Fifth Circuit has long held that a Rule 59(e) motion "calls into question the correctness of a judgment," and that such a motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised *before the entry of judgment*." *Templet*, 367 F.3d at 479 (emphasis added).  Defendants and Plaintiff have not met this burden.

First, the crux of Defendants' and Plaintiff's argument is that Contango violated the terms of its permit by failing to provide USACE with as-built drawings, which could have alerted the USACE Permit Section, who could have notified the engineering and dredging section and avoided Plaintiff's injury.  However, Duncan, Contango's President, was deposed in January of 2010, well before the final briefing deadline in March of 2011.  His testimony clearly establishes that Contango submitted as-built drawings to USACE:

> Q: But do you have a written document showing besides these documents, when you would have notified Weeks or the Corps?
>
> A: Again. I never sent anything to Weeks.
>
> Q: Okay.  Forget Weeks let's talk about the Corps. What written document do you have to the Corp[sic]?
>
> A: An as-built drawing.

(Rec. Doc. No. 172-2, Exh. B. at pg. 37 ¶13-22). Therefore, there was clear evidence that Contango submitted as-built drawings to USACE, contrary to what Defendants' and Plaintiff's "new evidence" may argue. Further, this testimony was propounded well before the final briefing deadline, and it directly contradicts the new evidence Defendants' and Plaintiff's now claim support their position. At bottom, these new facts "could . . . have been discovered earlier by proper diligence," before the date of judgment. *Infusion*, 351 F.3d at 697.

Additionally, Defendants and Plaintiff seem to argue that Contango breached some duty owed to them. However, even if Contango did not submit the as-built drawings, Contango would have breached its duty to USACE, not to Defendants and Plaintiff, as Contango received its permit, and accepted the terms thereof, from USCA. Furthermore, the record indicates that a Notice to Mariners, which contained information about the installation of the pipeline at issue, was published on January 2, 2008, well before Plaintiff's injury. (Rec. Doc. No. 111-4 at 4).

Second, Defendants' and Plaintiff's argument is tenuous, at best. They assert that had Contango not violated its permit conditions and submitted the as-built drawings, USACE's Permit Section *may* been alerted to the pipeline's existence, and that they *may* have notified the engineering and dredging section, which *may* have avoided Plaintiff's injury. (Rec. Doc. No. 161-1 at 2). This

4

argument is grounded solely upon the Defendants' and Plaintiff's conjecture of what they believe and wish could have happened. They fail to provide any evidence, outside of their own briefs, which concretely states the above.

Third, Defendants nor Plaintiff explain why this "new evidence" could not have been produced before the entry of summary judgment in favor of Contango. While Plaintiff's brief thoroughly delineates the procedural history, (Rec. Doc. No. 161-1 at 3) it fails to sufficiently address why this new evidence could not have been provided before the entry of judgment.[1]

Finally, nothing in Defendants' or Plaintiff's briefs addresses the underlying fact, which this Court observed in its

---

[1] Defendants and Plaintiff note the following USACE's responses:

> 12.  On the date of the accident, USACE possessed knowledge of the location of the Contango pipeline.
>
> Response: The United States can neither admit or deny the request as written. The United States admits only that personnel charged with preparing the plans and specifications for the maintenance dredging of the Atchafalaya Bar Channel were unaware of the existence of the Contango pipeline prior to the date of the accident. The United States denied that the Corps of Engineers had received proper and complete notification from Contango in the form of as-built drawings that the permitted pipeline was completed.

However, even in viewing this evidence in favor of Defendants and Plaintiff, it still is not enough to warrant reconsideration. As these parties provided no reason why the above evidence could not have been produced before the entry of judgment in favor of Contango.

July 28, 2011 Order and Reasons, that the pipeline at issue was charted on NOAA map 11351 by the United States prior to the explosion.  Even if all of Defendants' and Plaintiff's allegations are true, those allegations cannot change the fact that the pipeline was charted before the explosion.  At bottom, nothing Defendants or Plaintiff can now proffer will alter the above fact.

As such, Defendants and Plaintiff have not established any evidence that would warrant this Court to use the extraordinary remedy of reconsideration. At today's final pretrial conference, Parties also acknowledged without disagreement pertinent facts on page 17 of the jointly proposed pretrial order that, in our opionion further support the rulings at issue.

Accordingly, and for the reasons pronounced above, **IT IS ORDERED** that Defendants' and Plaintiff's Motions for Reconsideration (Rec. Doc. Nos. 166 and 161) are **DENIED**.

New Orleans, Louisiana, this 20TH day of October, 2011.

_____
UNITED STATES DISTRICT JUDGE